JAMES M. CHADWICK (Bar No. 157114)
ROGER R. MYERS (Bar No. 146164)
DIANA NG FUNG (Bar No. 185175)
CHRISTINE K. CORBETT (Bar No. 209128)
DLA PIPER RUDNICK GRAY CARY US LLP
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
SAN JOSE MERCURY NEWS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER R. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOSE MERCURY NEWS, INC.,<br><br>Defendant. | CASE NO. C04-05262 CRB<br><br>[PROPOSED] ORDER GRANTING IN PART THE MOTION OF DEFENDANT SAN JOSE MERCURY NEWS FOR JUDGMENT ON THE PLEADINGS, SETTING SUMMARY JUDGMENT HEARING AND LIMITING DISCOVERY |

The motion of Defendant San Jose Mercury News, Inc. ("Mercury News") for judgment on the pleadings came on for hearing on May 27, 2005. Robert Spanner of Trial & Technology Law Group appeared for Plaintiff Christopher Harris, and Roger Myers of DLA Piper Rudnick Gray Cary US LLP appeared for the Mercury News.

In its motion, Mercury News argued that the fair use doctrine barred both Plaintiff's first cause of action, for copyright infringement by reproducing a photograph in a review of a book in which the photograph appeared, and second cause of action, for violation of the Digital Millennium Copyright Act by removal of copyright management information. The Mercury News also argued that Plaintiff had not alleged and could not allege necessary elements of the second cause of action. Finally, the Mercury News argued that the third cause of action, for unfair competition under California Business and Professions Code § 17200, was preempted by

-1-

the Copyright Act, and that Plaintiff lacked standing to assert claims under that statute as recently amended.

After consideration of the pleadings, memoranda, declarations, and exhibits filed by the parties, as well as the arguments of counsel, and good cause appearing, the Court issued a Minute Order after the May 27 hearing that GRANTED the Mercury News' motion as to Plaintiff's second and third cause of actions, with leave to amend, and DENIED the motion as to the first cause of action in order to address the fair use defense on a motion for summary judgment. The Minute Order also required Plaintiff to file any amended complaint by June 10, 2005. A true and correct copy of the Minute Order is attached as Exhibit A.

In the Minute Order, the Court also authorized an expedited motion by the Mercury News for summary judgment, to be filed by July 15, 2005, and heard on September 2, 2005. The Minute Order requires the parties to exchange expert disclosures by June 30, 2005, and to take any depositions concerning the summary judgment motion during the month of July, 2005. By a subsequent order, the Court continued the filing date for the Mercury News' motion for summary judgment to August 19, 2005, continued the hearing on the Mercury News' motion to October 7, 2005, and ordered that depositions may be taken up until August 31, 2005.

During the May 27 hearing the Court also set limitations on discovery that were omitted from the Minute Order. To avoid any dispute or misunderstanding, and to safeguard both Plaintiff's ability to conduct discovery bearing on the Mercury News' fair use defense and the First Amendment imperative of protecting the media from the chilling effect of unnecessarily prolonged or expensive litigation, the Court hereby orders as follows:

1. Prior to the Court's ruling on the Mercury News' motion for summary judgment, discovery on Plaintiff's copyright claim is limited to evidence relevant to the four fair use factors identified in 15 U.S.C. § 107 as they apply to the reproduction in reviews by the media of photographs that appear in a book or other work that is the subject of the review;

2. Prior to the Court's ruling on the Mercury News' motion for summary judgment, the parties shall not be entitled to conduct any discovery, party or non-party, with respect to the use of photographs in any other contexts, the payment (or non-payment) by newspapers or any other

-2-

DLA PIPER RUDNICK
GRAY CARY US LLP

EM\7189309.1
349979-30

[PROPOSED] ORDER
USDC CASE NO. C04 05262 CRB

1  media for reproducing photographs in any other contexts, and any alleged decision by the
2  Mercury News to stop paying to reproduce in reviews photographs that appear in the work under
3  review;
4      3. Prior to the Court's ruling on the Mercury News' motion for summary judgment, the
5  parties shall not be entitled to conduct any discovery concerning the finances of the other, except
6  to the extent necessary to determine whether, under factor four of the fair use analysis, any
7  financial market exists for the reproduction in reviews of photographs that appear in the works
8  under review or whether such reproduction harms the market for the photographs reproduced; and
9      4. Prior to the Court's ruling on the Mercury News' motion for summary judgment,
10 Plaintiff shall not serve any notice for deposition of a non-expert witness until Plaintiff has first
11 informed opposing counsel, in writing, of the purpose and intended subject matter of the
12 deposition and the parties have conferred as to whether the proposed subject(s) of the deposition
13 can be resolved through stipulation or some other means.

**IT IS SO ORDERED.**

Dated: ___July 08___, 2005

[APPROVED stamp — Judge Charles R. Breyer signature]

_____
CHARLES R. BREYER
United States District Court Judge

DLA PIPER RUDNICK
GRAY CARY US LLP

EM\7189309.1
349979-30

-3-

[PROPOSED] ORDER
USDC CASE NO. C04 05262 CRB