IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN JOSE MERCURY NEWS,<br><br>　　　　Defendant.<br>_____/ | No. C 04-05262 CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO FAIR USE** |

　　　This copyright infringement action arises out of defendant's use of plaintiff's copyrighted photograph in a book review without permission. Now pending before the Court is defendant's motion for summary judgment as to fair use only. After carefully considering the parties' moving papers, and with the benefit of oral argument, the Court hereby DENIES the motion for summary judgment.

　　　Defendant asserts that its use of plaintiff's copyrighted photograph as part of a book review article constitutes fair use because it was used "for purposes such as criticism, comment, [or] news reporting." See 17 U.S.C. § 107 (identifying four factors to be considered in determining fair use). A determination of whether the fair use doctrine applies is a mixed question of law and fact. See Kelly v. Arriba Soft Corp., 336 F.3d 811, 817 (9th Cir. 2003). Courts have recognized that a prototypical example of this doctrine is the use of a quotation from a book in a book review. See, e.g., Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1408 (9th Cir. 1986).

Defendant argues that use of the photo was the equivalent of a pictorial quotation from the book and similarly falls under the fair use exception. Yet the photograph was obviously marked as a copyrighted photograph in the book, both on the page the photograph appeared and then again in the credits in the back of the book. In other words, the photograph was a copyrighted work within a copyrighted work. Therefore, the Court does not concur with defendant's analogy. Photographs taken for aesthetic purposes, as plaintiff's photograph is reasonably inferred to be, are "creative in nature and thus fit squarely within the core of copyright protection." Elvis Presley Enterprises, Inc. v. Passport Video, 349 F.3d 622, 629 (9th Cir. 2003); cf. Nunez v. Caribbean Intern. News Corp., 235 F.3d 18 (1st. Cir. 2000) (holding that aesthetic photographs published in newspaper fell under the fair use doctrine because the photographs *themselves* were the news story). As a result, the Court can not say as a matter of law that use of a copyrighted photograph in a book review, in which the book clearly states that the photograph is copyrighted, constitutes fair use. Accordingly, defendant's motion for summary judgment is DENIED.

The parties are ordered to appear for a case management conference on January 20, 2006 at 8:30 am.

**IT IS SO ORDERED.**

Dated: January 3, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\5262\order 6 sj.wpd

2