IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN JOSE MERCURY NEWS, INC.,<br><br>    Defendant.<br>_____/ | No. C 04-05262 CRB<br><br>**ORDER RE MOTION TO DISMISS OR STRIKE SECOND AMENDED COMPLAINT** |

    This copyright infringement action arises out of defendant's sole unauthorized use of plaintiff's copyrighted photograph in a book review published in the San Jose Mercury News on April 27, 2003. On January 20, 2006, the Court granted plaintiff's Motion for Leave to Amend the Complaint ("SAC") at a case management conference. Plaintiff's SAC adds a class action claim for injunctive relief pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Now before the Court is defendant's Motion to Dismiss or Strike Plaintiff's Second Amended Complaint. As the Court indicated in open court, after carefully considering the parties' moving papers, and with the benefit of oral argument, defendant's motion is GRANTED IN PART and DENIED IN PART.

    In order to have standing to bring a claim for injunctive relief, a plaintiff must allege a "real and immediate threat" of future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). In particular, to show a real threat of future injury based on an alleged policy of infringement, a "[plaintiff] must demonstrate 'that he is realistically threatened by a

*repetition* of [the violation].'" Armstrong v. Davis, 275 F.3d 849, 861 (9th Cir. 2001) (quoting Lyons, 461 U.S. at 109) (emphasis in original).  Here, plaintiff has not alleged such a threat.  There is no reasonable likelihood that the Mercury News will republish the photograph presently at issue in this lawsuit.  Moreover, plaintiff has not demonstrated a reasonable likelihood that the Mercury News will publish any other copyrighted photograph taken by plaintiff without his permission.  Finally, plaintiff does not allege the existence of a *written* policy, nor does he allege a pattern of copyright infringement that is likely to affect him in the future.  In fact, the only allegation regarding a specific instance of copyright infringement is the initial incident that occurred in 2003 and that is the subject of plaintiff's first two causes of actions for damages.  Plaintiff simply fails to allege future harm that is actual or imminent; therefore, plaintiff lacks standing to assert his class action claim.

Because plaintiff "fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.'" Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1989) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).  Accordingly, the Third Cause of Action in the SAC is hereby DISMISSED for lack of standing pursuant to Rule 12(b)(6).  To the extent that the motion seeks to dismiss or strike any other amendments in the SAC, it is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\5262\order 7 dismiss.wpd                2