IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. HARRIS, | No. C 04-05262 CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| v. | |
| SAN JOSE MERCURY NEWS, INC., | |
| Defendant. | |

Now before the Court in this copyright infringement action is defendant's motion for certification for interlocutory appeal the Court's January 3, 2006 Order denying summary judgment as to the fair use defense. As the Court stated in open court, the motion is DENIED.

In its motion for summary judgment, defendant argued that its use of plaintiff's photograph as part of a book review is akin to a pictorial quotation that, like textual quotations, should be considered fair use as a matter of law. That argument failed, however, because an additional copyright mark accompanied the photograph in the book, indicating that the photograph was separately copyrighted and did not fall squarely into the well-settled doctrine underlying defendant's analogy.[1]

---

[1] Both parties appear to have interpreted the Court's January 3, 2006 Order overbroadly. To the extent that the Court relied on the separate copyright of the photograph, it was specifically as a result of the additional copyright mark that accompanied the photograph in the interior of the book. The Court's determination was a narrow one pertaining only to this situation; that is, only where a copyright mark accompanies a photograph within the book.

**DISCUSSION**

A district court may certify for appeal an interlocutory order which is not otherwise appealable if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate outcome of the litigation." 28 U.S.C. § 1292(b). Such appeals are to be certified "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). A question of law is "controlling" if a resolution of that question on appeal "could materially affect the outcome of litigation in the district court." Id.

While the Court recognizes that there may be a substantial ground for difference of opinion regarding its ruling, it does not believe that this is an exceptional situation in which an immediate appeal would expedite the litigation. While it is apparent that the fair use defense is the central issue in this litigation, there remains a claim under the Digital Millennium Copyright Act that would still need to be resolved regardless of the ultimate outcome regarding the fair use defense. For this reason alone, the motion should be denied.

Furthermore, the Court disagrees with defendant's argument that the Court's reliance on the additional copyright mark is a controlling question of law. The issue of the additional copyright on the photograph was just one factor the Court considered in arriving at its decision. See Dr. Seuss Enterprises v. Penguin Books USA, Inc., 109 F.3d 1394, 1399 (9th Cir. 1997) (four factors of fair use set forth under 17 U.S.C. section 107 are not exhaustive or exclusive). The apparent disputes in the record regarding the majority of the traditional fair use factors further support the Court's decision and render this Order peculiarly inappropriate for interlocutory appeal.[2]

---

[2] Because the underlying facts are not in dispute, defendant contends that the Court should weigh the fair use factors and determine whether the defense applies as a matter of law. While the Court may analyze the factors and make a determination on this mixed question of law and fact, see Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 800 (9th Cir. 2003), the Court believes that inferences to be drawn from undisputed facts are questions more appropriately resolved by a jury than a judge. Moreover, the Ninth Circuit Model Jury

For example, with regard to the fourth factor of the photograph's potential market value, which is "undoubtedly the most important element of fair use," Harper & Row Pub., Inc. v. Nation Enterprises, 471 U.S. 539, 566 (1985), a proper analysis requires the decision-maker to judge the credibility of experts debating the nuances of the fine art collector's market. Although the Court is skeptical of plaintiff's argument regarding the use's putative interference with the photograph's marketability or effect on future sales, it is not the Court's role to judge the credibility of competing experts. Accordingly, the Court's January 3 Order denying summary judgment would not be appropriate for appellate review at this stage of the litigation. Defendant's motion for certification for interlocutory appeal is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

Instructions includes an instruction for a fair use defense, which further supports this conclusion. See 9th CIR. CIV. JURY INSTR. § 20.18 (2002).