United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN JOSE MERCURY NEWS, INC.,<br><br>  Defendant.<br>_____/ | No. C-04-5262 CRB (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM DEFENDANT'S EXPERT DEPOSITION COSTS**<br><br>**(Docket No. 244)** |

## I. INTRODUCTION

Plaintiff is a professor and photographer who holds the copyright on a photograph used with permission in the interior of a book entitled *The Life You Save May Be Your Own* by Paul Elie. That book was reviewed by Defendant San Jose Mercury News, a daily newspaper of general circulation. Defendant published a reproduction of the photograph in its review of the book without the permission of Plaintiff. Plaintiff contends Defendant has followed a pattern and practice of publishing copyrighted photographs from the interior of books it reviews. Asserting copyright infringement and violation of the Digital Millennium Copyright Act, Plaintiff seeks damages and injunctive relief in this action.

Trial in this matter is set for June 12, 2006. Defendant has identified five experts it has retained for trial. Expert reports have been disclosed pursuant to the trial judge's order herein. Three of the experts will address issues such as practices in the news industry relative to book reviews and the use of interior photographs, the market for photographic prints, practices pertaining to permission for the use of photographs and the effect of exposure on the market – relevant to such

issues as fair use, consent and damages. A fourth expert, Robert Harvey, is a statistician who designed and implemented a survey research study on industry practices regarding the publication of interior book photographs in newspapers' book reviews. A fifth expert, Michael Wagner, is an economist who will opine on the lack of damages suffered by Plaintiff and the fact that Defendant did not realize any economic gain from the publication of the photograph.

Plaintiff seeks to depose these experts before trial. In this motion, he asks to be relieved from paying the expert fees charges by Defendant's experts as he normally would under Fed. R. Civ. P. 26(b)(4)(C) which provides:

> Unless manifest injustice would result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . .

Plaintiff contends this case presents a situation where "manifest injustice" would result absent relief from this Court directing Defendant, rather than Plaintiff, to pay the cost of expert fees for the depositions.

Plaintiff's motion came on for hearing on May 11, 2006. Having considered the papers filed in support of and in opposition to the motions and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS IN PART** the relief sought by Plaintiff.

## II.   ANALYSIS

The Advisory Committee Notes explain that the court "can protect, when necessary and appropriate, the interests of an indigent party." Advisory Committee Notes to 1970 Amendments, 48 F.R.D. 505. Case law interpretation of this provision is sparse. One court has observed the manifest injustice exception is a "stringent standard." *Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J. 1996) *quoting Gorlikowski v. Tolbert*, 52 F.3d 1439, 1444 (7th Cir. 1995). To apply the exception, the court must find that the plaintiff is either "indigent or that requiring him to pay a deposition fee incurred in litigation that he voluntarily initiated would create an undue hardship." *Edin v. The Paul Revere Life Insurance Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999). In making the determination of undue hardship, the court must "weigh the possible hardships imposed on the respective parties . . . [and] balance the need for doing justice on the merits between the parties . . . against the need for

1   maintaining orderly and efficient procedural arrangements." *Reed,* 165 F.R.D. at 427-28, *quoting*
2   *Gorlikowski,* 52 F.3d at 1444.

3       Plaintiff has not demonstrated he is indigent in the conventional sense (as measured for
4   instance by qualification for *in forma pauperis* status) since he owns a house and is employed full-
5   time by a university. *Cf. Edin*, 188 F.R.D. at 548 (plaintiff receives over $3500 per month from sale
6   of dental practice and received a substantial settlement in another case) with *Reed*, 165 F.R.D. at 426
7   (plaintiff had limited family income since wife's death). In the instant case, Plaintiff, though not
8   indigent, has demonstrated he is suffering significant financial hardship. His monthly expenses
9   exceed his income, he has substantial debt totaling $34,000, his house which is encumbered with a
10  second mortgage, and he has no personal savings or any other personal financial assets. He has
11  recently had serious health problems. Though perhaps not indigent, he appears insolvent. He had to
12  obtain a loan to pay for his sole expert in this case. Under his attorney engagement agreement, he is
13  responsible for payment of out-of-pocket costs and thus he, not his attorney, will have to pay for the
14  costs of the expert depositions. He cannot afford to pay the expert fees normally required were he to
15  depose Defendant's experts prior to trial. The issue, therefore, is not Plaintiff's indigence, but
16  whether he is faced with an "undue hardship." *Edin*, 188 F.R.D. at 547.

17      Here, Defendant has identified five experts. This presents a financially daunting task for
18  Plaintiff. Four of Defendant's experts charge between $150 and $300 per hour. A fifth charges
19  $575 per hour. Without relief, Plaintiff will not be able to afford to take the expert depositions. On
20  the other hand, unlike the situation in *Reed*, 165 F.R.D. at 428-31, Defendants have supplied
21  Plaintiff with reasonably detailed expert disclosure reports thus mitigating the risk of "ambush at
22  trial." *Cf. Delgado v. Sweeney*, 2004 WL 228962 (E.D. Pa. 2004) at * 2 (detailed expert disclosure a
23  factor in court's decision to deny relief from expert deposition costs). Moreover, Plaintiff has an
24  expert who can testify at trial in his case-in-chief and in rebuttal to many of the points raised by the
25  first three of Defendant's experts.

26      Plaintiff faces, however, significant hardship in connection with the expert testimony of Mr.
27  Harvey, since Plaintiff's expert is not a statistician and may not be able to effectively rebut Mr.
28  Harvey's testimony. Plaintiff is also disadvantaged in responding to the expert testimony of Mr.

Wagner, since he has no economist expert. Both experts will testify on matters that are relatively complex and technical. While Plaintiff would thus suffer significant hardship in preparing for trial absent the opportunity to depose these two experts, Defendant has not established it would suffer any substantial financial hardship should it, rather than Plaintiff, be required to absorb the cost of these two depositions, especially if they are kept short.

In addition to the balance of hardships, the Court must consider the need to do justice. *Reed*, 165 F.R.D. at 427-28. In this regard, the Court notes that this litigation presents a matter of public significance. Both parties have represented to the trial court that the practice in question is not unique and that the case raises important legal issues – *e.g.* of whether publishing book interior photographs in the context of book reviews constitutes fair use – which could have a substantial impact on the publishing industry. Hence, the integrity of the truth seeking process of trial has added significance here. The integrity of that process is enhanced by the pretrial discovery including depositions of key expert witnesses.

Balancing the parties' relative hardships and the need to do justice, the Court concludes that under these circumstances, Plaintiff should be relieved of the cost of taking reasonable short and concise depositions of Mr. Harvey and Mr. Wagner sufficient to give him a chance to prepare for cross-examination at trial. The Court will allow a 3-hour deposition of each of these two witnesses, with Defendant being responsible for the expert fees therefor. As to the other three experts, Plaintiff has previously deposed one of the experts, has been given reasonably detailed expert reports, and has his own expert covering many of the issues to which they will testify. No manifest injustice will occur should Plaintiff not be able to take their depositions for financial reasons.

This order disposes of Docket No. 244.

IT IS SO ORDERED.

Dated: May 15, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge