UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE MERCURY NEWS, INC.,<br><br>    Defendant.<br>_____/ | No. C-04-5262 CRB (EMC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF E-MAIL**<br><br>**(Docket No. 244)** |

        Plaintiff seeks an order compelling Defendant to produce two e-mails which Defendant asserts are protected by the attorney-client privilege. These two e-mails were reviewed *in camera*. The Court heard argument on May 10, 2006.

        These e-mails consist of communications from an editor to other staff with a copy going to in- house counsel. One consists of a string of e-mails pertaining to a meeting to discuss, among other things, photo policies with in-house counsel. The other is an e-mail from editor Mark Damon to staff (with a copy to in-house counsel Andy Huntington) that discusses the instant suit, retention and collection of records in connection therewith, and policy and procedures related to scanning.

        The Court concludes these e-mails are protected by the attorney-client privilege. Even in the absence of an express directive or heading designating confidentiality, the corporate intent of keeping a communication confidential may be inferred from the circumstances surrounding the communication. *Cf. In re Sealed Case*, 737 F.2d 94, 102 (D.C. Cir. 1984). Although they are not expressly labeled "confidential," it was clear to the recipients that the e-mails in question concerned the instant litigation and the need to gather records in connection with the litigation. There is no

indication that the documents were shared with anyone outside the Defendant's staff. The e-mails thus appear to constitute confidential internal communications to which in-house counsel was a party relating to the rendering and obtaining of legal advice in the context of the instant lawsuit. *See Fischel v. Magolis*, 557 F.2d 209, 211 (9th Cir. 1977). They are therefore privileged.

As to Plaintiff's assertion of waiver, there was not a sufficient disclosure of the content of the documents to constitute a waiver. Although Defendant's staff testified in deposition about the new policy that scanning of photographs would go through the photo department and that they learned of the policy through an e-mail (presumably one of the e-mails which is the subject of this motion), no other detail about the communication or its content was disclosed. In reviewing the subject e-mail *in camera*, it is evident the e-mail contained a significant amount of other content not disclosed by deposition testimony.

Plaintiff's motion to compel is **DENIED**.

IT IS SO ORDERED.

Dated: May 17, 2006

EDWARD M. CHEN
United States Magistrate Judge

2